UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:25-CR-10-KAC-DCP-4 |
| CARL PRUITT, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Carl Pruitt's pro se Motion to Withdraw Counsel and Motion for New Counsel [Doc. 138], filed on February 3, 2026, and defense counsel Attorney Loretta G. Craven's Motion to Withdraw and for Substitution of New Counsel [Doc. 140], filed on February 6, 2026. *See* 28 U.S.C. § 636(b). On June 5, 2025, the Court substituted and appointed Attorney Cravens to represent Defendant Pruitt due to a conflict of interest for prior counsel [Doc. 75 p. 1].[1] Defendant now seeks substitute counsel, and Attorney Cravens has moved to withdraw.

Defendant moves for substitute counsel alleging that he has a "conflict of interest with counsel" [Doc. 138 p. 1]. He alleges that counsel advised him to sign a plea agreement without showing him the discovery in his case [*Id.*]. Defendant contends that when he subsequently asked to withdraw his guilty plea, counsel began showing him the evidence against him, which he deems

---

[1] The undersigned appointed Attorney Michael Thomas Cabage to represent Defendant at his initial appearance and arraignment on February 11, 2025 [Doc. 34]. Mr. Cabage moved to withdraw on June 2, 2025, due to a conflict of interest arising from his position as a Knox County Magistrate [Doc. 74 p. 1]. The Court granted this request and substituted Attorney Cravens on June 5, 2025 [Doc. 75].

to be insufficient [*Id.*]. Thus, Defendant asks that the Court permit Attorney Cravens to withdraw and that it substitute new counsel [*Id.*].

Attorney Cravens states that she met with Defendant by telephone on February 6, 2026, after he filed his pro se motion for substitute counsel [Doc. 140 ¶ 2]. Ms. Cravens says that they discussed Defendant's motion, and Defendant continues to insist upon getting new counsel and withdrawing his guilty plea [*Id.*]. She asserts that a "fundamental breakdown in the attorney client relationship exists" and that the communication and trust necessary to the relationship is irreparably broken [*Id.* ¶ 3]. She also characterizes her continued representation of Defendant as "impossible" due to the conflict created by Defendant's assertions in his pro se motion and her position on those allegations [*Id.* ¶ 4]. Ms. Cravens avers that her withdrawal and the substitution of new counsel for Defendant is in his best interest and furthers the interest of justice [*Id.* ¶ 5].

The parties appeared before the Court for a hearing on the motion on February 19, 2026. Assistant United States Attorney Miram Johnson appeared in person on behalf of the Government. Ms. Cravens appeared on behalf of Defendant, who was present. Attorney Joshua D. Hedrick was also present at the Court's request.

At the motion hearing, the Government confirmed that it had no position on the matter of the attorney-client relationship. The Court also conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court notes that the responses of Attorney Cravens and Defendant to the Court's inquiries reasonably satisfy the Court that there are sufficient grounds to substitute counsel based on a strained relationship, which has compromised defense counsel's ability to defend Defendant and render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Defendant's pro se motion [**Doc. 138**] and counsel's motion [**Doc. 140**] for substitution of counsel are **GRANTED.** and Attorney Cravens is **RELIEVED** as counsel of record for Defendant. Attorney Joshua D. Hedrick agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Hedrick under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Ms. Cravens to provide discovery and the information from Defendant's file to Attorney Hedrick.

Accordingly, the Court **ORDERS**:

(1) Defendant's pro se Motion to Withdraw Counsel and Motion for New Counsel [**Doc. 138**] and counsel's Motion to Withdraw and for Substitution of Counsel [**Doc. 140**] are **GRANTED**;

(2) Attorney Loretta G. Cravens is **RELIEVED** of further representation of Defendant and is **DIRECTED** to provide any discovery and the Defendant's file to new counsel; and

(3) Attorney Joshua D. Hedrick is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
_____
Debra C. Poplin
United States Magistrate Judge

3